IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DARA MINTZ,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**STATE FARM MUTUAL AUTO. INS. Co.,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-CV-00814-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Partial Summary Judgment [ECF No. 18]. On May 7, 2024, the court held a hearing on the motion. At the hearing, T. Jake Hinkins represented Plaintiff, and Chet W. Neilson represented Defendant. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum and Decision.

BACKGROUND

This case arises from an automobile accident that occurred on January 12, 2021. Plaintiff Dara Mintz was injured in the accident, and the at-fault party carried a minimum liability policy that did not cover all of Plaintiff's medical bills and needs. Before the accident, Defendant State Farm sold Plaintiff an insurance policy that included uninsured/underinsured motorist ("UIM") coverage.

On January 12, 2021, Plaintiff made a claim to Defendant regarding her medical bills that came as a result of the injuries she sustained in the accident. In February 2022, Plaintiff's counsel mailed to Defendant $62,931 in medical bills claimed to be related to the motor vehicle

1

accident. In response, Defendant paid its $10,000 Personal Injury Protection ("PIP") limit toward Plaintiff's medical bills.

On April 15, 2022, Defendant sent a letter to Plaintiff's counsel asking if Plaintiff had settled with the other insurance company and for photos of her vehicle. Plaintiff's counsel responded with a letter from USAA tendering to Dara Mintz its $25,000 liability coverage limit. In response, Defendant sent a letter to Plaintiff with a $100,000 offer to settle her UIM claim. Defendant did not increase this offer, and Plaintiff filed this lawsuit on December 7, 2022.

In response, Defendant filed this Partial Motion for Summary Judgment asking the court to dismiss with prejudice: 1) the punitive damages claim, 2) the second cause of action for breach of the implied covenant of good faith, and 3) Plaintiff's claims for future medical expenses and lost wages.

## STANDARD OF REVIEW

Summary judgment is appropriate when "viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in their favor, the movant establishes that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law." *Prince v. Sherriff of Carter Cnty.*, 28 F.4th. 1033, 1043 (10th Cir. 2022). A "genuine" dispute of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to decide whether there is a genuine issue for trial." *Id*.

## DISCUSSION

The court dismisses with prejudice the second cause of action for breach of the implied covenant of good faith because the parties agreed to dismiss it. Plaintiff's claims for punitive damages and future medical expenses and lost wages are discussed in turn below.

I.  Punitive Damages

It is well established that "punitive damages are recoverable only for torts, not for breach of contract." *Smith v. Grand Canyon Expeditions Co.*, 84 P.3d 1154, 1161 (Utah 2003). A breach of implied or express duties "can give rise only to a cause of action in contract, not one in tort," and "punitive damages cannot be awarded for a breach of contract." *Crabb v. State Farm Fire and Cas. Co.*, No. 2:04-cv-00454 PGC, 2006 WL 1214998, at *10 (D. Utah May 4, 2006). Here, Plaintiff is alleging a breach of contract. Accordingly, Plaintiff's claim for punitive damages fails as a matter of law.

II.  Future Medical Expenses and Lost Wages

Exclusions are considered excessive where a court has less draconian means available, such as issuing a new scheduling order allowing the defendants to conduct discovery and respond to the experts. *See Caroles v. State¸* 2015 UT 48, ¶¶ 17–18, 349 P.3d 739. Courts analyze four factors to determine if a supplemental disclosure should be excluded: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; [and] (4) the moving party's bad faith or willfulness." *HCG Platinum Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). Here, there is no uncurable prejudice to Defendant because any additional discovery can be conducted well in advance of trial. Furthermore, there is no real surprise or prejudice since Plaintiff testified in her deposition that she believed she was

making less money at her job for reasons related to this accident, and she provided responses to discovery in which she claimed that she would have ongoing medical care. Dr. Goldstein also opined that Plaintiff would need ongoing care. Plaintiff has provided Defendant with all this information. Finally, there is no trial date set, so there is no disruption to the flow of the case.

While it is possible that providing Defendant with clarifications regarding a damages computation and supporting documents may result in some prejudice, such "prejudice is minimized where the opposing party has time to depose those witnesses, designate rebuttal witnesses, and prepare for trial." *Welsh v. Hosp. Corp. of Utah*, 2010 UT App 171, ¶ 16, 235 P.3d 791. This is the case here. No trial date has been set. If additional discovery is necessary, it can be done. Although Defendant has already invested time and effort into Plaintiff's deposition, the prejudice that would result from resetting fact discovery and taking more depositions is not unduly burdensome, especially because trial has not even been set. Accordingly, the court denies Defendant's request to dismiss Plaintiff's future medical expenses and lost wages claim.

## CONCLUSION

The court GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Summary Judgment. The court grants Defendant's motion and dismisses with prejudice Plaintiff's second cause of action for breach of the implied covenant of good faith and Plaintiff's claims for punitive damages. However, the court denies Defendant's request to dismiss Plaintiff's future medical expenses and lost wages claims.

DATED this 6th day of June 2024.

                        BY THE COURT:

                        DALE A. KIMBALL
                        United States District Judge